UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

NICHOLAS CHITTICK,                    )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        20-3252
                                      )
FRANCIS KAYIRA, *et al.*              )
                                      )
                    Defendants.       )

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Robinson Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to a serious medical need. Before the Court are Defendant's Motion for Summary Judgment (Doc. 83) and the Report and Recommendation of United States Magistrate Judge Jonathan E. Hawley (Doc. 90), recommending this Court grant Defendant's motion for summary judgment. The motion for summary judgment has been fully briefed, and Plaintiff has filed objections to Judge Hawley's Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court adopts Magistrate Judge Hawley's Report and Recommendation.

## LEGAL STANDARD

When reviewing a magistrate judge's recommendation on a dispositive issue, a court considers de novo those portions of the report to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). "If no objection or only partial objection is made, the district court judge reviews

those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Wees v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 925, 943 (7th Cir. 1997). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff filed this lawsuit alleging that Defendant Kayira and other officials violated his Eighth Amendment right to receive adequate medical care. After the other defendants had been dismissed for various reasons, Defendant Kayira moved for summary judgment on Plaintiff's Eighth Amendment claim, arguing that the undisputed facts did not show that he acted with deliberate indifference to Plaintiff's medical condition.

Judge Hawley's Report and Recommendation provides a detailed account of the medical care Plaintiff received from Defendant Kayira and other medical providers. In summary, Defendant Kayira treated Plaintiff over the course of approximately seven months for symptoms that included numbness in Plaintiff's hands and legs, inability to walk, and pain. The treatment included a progression of diagnostic tests (x-rays, EKG, MRI), physical therapy, admissions to the prison infirmary for observation, medication, care from at least two outside specialists, and eventually surgery. Judge Hawley found that the record did not support a reasonable inference that Defendant Kayira was responsible for any delays in treatment that Plaintiff experienced or that he failed to exercise appropriate professional judgment. He recommended granting Defendant's motion for summary judgment.

Plaintiff objects. He argues that Judge Hawley failed to consider that officials sent him to a neurologist after Wexford officials had approved a neurosurgeon consult and that, once sent to the neurologist, Defendant Kayira failed to follow the neurologist's recommendations to send him to the emergency room for immediate emergency surgery. He also asserts that he did not report to a nurse on December 19, 2018, that he experienced the "full body muscle spasm" disclosed in the medical records and that non-medical prison staff, not Defendant Kayira, admitted him to the infirmary thereafter.

The tenor of Plaintiff's objections suggests an argument that Defendant Kayira unconstitutionally delayed his treatment. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc) (unexplained delay and failure to follow a specialist's recommendations may support an inference of deliberate indifference). As Judge Hawley pointed out, Defendant Kayira was not responsible for the delays resulting from Wexford's denial of his initial requests for a neurology consult, and, therefore, he cannot be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("[L]iability [under § 1983] does not attach unless the individual defendant caused or participated in a constitutional deprivation."). The undisputed facts and the medical records indicate only that Defendant Kayira had initially requested a neurology consult, not a neurosurgeon consult. UMF 31, 32, 68. Other than the document upon which Plaintiff relies, the record lacks documentation indicating the type of specialist Wexford officials ultimately approved in response.

Assuming Wexford officials opted for a neurosurgeon as Plaintiff contends, Plaintiff has not pointed to evidence showing that Defendant Kayira intentionally sent him to the wrong specialist or that Defendant Kayira knew that the individuals responsible for scheduling the appointment were likely to make this error. Considering that Plaintiff does not assert that a

neurology referral was medically inappropriate, the actions he attributes to Defendant Kayira—

sending an inmate to the wrong type of specialist within the appropriate area of expertise—

support only a finding of negligence, which never violates the Constitution. *Estelle v. Gamble*,

429 U.S. 97, 106 (1976).

Plaintiff testified at his deposition that he does not know who the neurologist called

following her alleged November 21, 2018, recommendation for "immediate emergency surgery,"

*See* Pl.'s Dep. 61:1 ("I don't know who [the neurologist] talked to, but she was unable to get

authorization."), and thus he lacks the requisite personal knowledge for the Court to consider any

statements he made on this point in his declaration.[1] Fed. R. Civ. P. 56(c)(4) (affidavits and

declarations "must be made on personal knowledge."). Plaintiff has not otherwise pointed to any

portion of the record that supports the contention that Defendant Kayira or other medical staff

were aware of the recommendation at the time the neurologist allegedly made it, and the written

recommendations the neurologist sent to the prison thereafter did not include a recommendation

for emergency treatment absent a rapid deterioration in Plaintiff's condition. The lack of a

recommendation for emergency surgery following the neurosurgeon's December 13, 2018

examination belies any contention that Plaintiff required an emergency procedure. UMF 87, 88.

---

[1] Statements Plaintiff made in grievances and emails around the date of the neurologist's examination suggest that the neurosurgeon's unavailability, not prison official's refusal to authorize, prevented surgery from occurring on that date. (Doc. 86-5 at 18) ("[The neurologist] came back in and informed us she was trying to locate a neurosurgeon immediately…She then left the room again and came back in after approx. 10 minutes and said she would not be able to get me to a neurosurgeon or an ER but would do her part in getting me to see a neurosurgeon."); (Doc. 86-7 at 2) ("[The neurologist] comes back in and says she tried to find a neurosurgeon to see me right then, but there were none, and that she might send me to [the] ER. She then made some phone calls and said that she had me coming in to see their best spinal neurosurgeon, but he was booked two weeks full.").

Plaintiff's deposition testimony supports in part the nurse's characterization of Plaintiff's condition found in the medical notes from December 18, 2018. Pl.'s Dep. 80:7 ("I was spasming" on December 18, 2023). Regardless of what Plaintiff reported to the nurse, Judge Hawley correctly pointed out that the record lacks evidence showing that Defendant Kayira had knowledge of Plaintiff's condition outside of that disclosed in the medical records, or that he was otherwise aware of facts suggesting that Plaintiff needed emergency surgery on that date. Plaintiff's admission to the infirmary thereafter, regardless of the official who authorized it, supports only the inference that officials responded reasonably.

The record discloses that Defendant Kayira ordered diagnostic testing, medical observation, medication, and referrals to outside specialists in response to the symptoms Plaintiff presented. He was not personally responsible for any alleged delay in receiving treatment, nor does the record suggest that he failed to exercise the requisite professional judgment. The Court therefore OVERRULES Plaintiff's objections and ADOPTS Magistrate Judge Hawley's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED:**

1) **The Court ADOPTS Judge Hawley's Report and Recommendation [90].**

2) **Plaintiff's Objections [91] are OVERRULED.**

3) **Defendant's Motion for Summary Judgment [83] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and the parties shall bear their own costs. This case is terminated.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th**

**Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 18th day of September, 2023.


_____*s/Joe B. McDade*_____

JOE BILLY MCDADE

UNITED STATES DISTRICT JUDGE